# IN THE COURT OF APPEALS OF IOWA

No. 14-0656
Filed March 11, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**STEPHEN SCOTT PRUSHA,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Stephen Prusha appeals his conviction for possession of a controlled substance. **AFFIRMED.**

Darrell G. Meyer, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Kelli A. Huser, Assistant Attorney General, Jennifer A. Miller, Marshall County Attorney, and Ben Stansberry, Assistant Marshall County Attorney, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Stephen Prusha appeals his conviction for possession of a controlled substance, claiming the court erred in denying his motion to suppress under the United States and Iowa Constitutions.  Specifically, Prusha claims the district court erred in finding the search of Prusha's person was voluntary, and Iowa should adopt a "per se" rule requiring police officers to advise individuals of their right to decline to consent to a search.  We affirm the ruling of the district court by memorandum opinion pursuant to Iowa Court Rules 21.26(1) (a) and (d).

We incorporate the district court's summation of the facts from its ruling on Prusha's motion to suppress:

> At approximately 1:20 a.m. on April 5, 2013, Deputy John Shaver was on patrol with the Marshall County Sheriff's Department when he observed Defendant walking along a rural road dressed in black.  The clothing and darkness made it difficult to see the Defendant.  Shaver stopped to determine whether Defendant needed assistance.  He pulled his patrol vehicle as far onto the shoulder as possible, but was still on the traveled portion of the roadway.  As a precaution, he turned on his emergency lights so his vehicle could be seen by oncoming traffic.  Defendant was in the process of retrieving his identification from a wallet as Shaver approached him.  Shaver asked if he was okay, and Defendant said he was walking to Marshalltown from LeGrand after an argument with his girlfriend.  Shaver then ran Defendant's driver's license information to check for warrants. He was informed there were no warrants, but that Defendant was known to interfere with law enforcement and that he was "flagged" as being associated with illegal drug use.  Shaver asked Defendant if he would consent to a search of his person.  Defendant consented.  Defendant then quickly put his hand in his pants pocket, and Shaver grabbed his hand, pulling it out of the pocket, as he was unaware what Defendant had inside the pocket.  Shaver asked Defendant what was in the pocket, and Defendant said, "I will show you."  At that point Defendant pulled a glass pipe out of his pocket.  It had what appeared to be methamphetamine residue inside it.  At no time prior to that point was Defendant handcuffed, and Shaver did not draw his weapon.  Shaver placed Defendant under arrest for

possession of the pipe and then asked where the methamphetamine was. He finished a search of Defendant's person and found approximately one half a gram of methamphetamine in a pants pocket. Defendant was formally charged with possession of a schedule II controlled substance, methamphetamine, in violation of Iowa Code section 124.401(5) in a Trial Information filed May 18, 2013 and possession of drug paraphernalia in violation of Iowa Code section 124.414. Defendant filed his motion to suppress evidence on June 4, 2013.

Prusha claims the district court should have granted his motion to suppress under both the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution. Therefore, our review is de novo. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). This review requires "an independent evaluation of the totality of the circumstances as shown by the entire record." *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001) (internal quotation marks omitted). The court gives "deference to the factual findings of the district court due to its opportunity to evaluate the credibility of the witnesses, but [is] not bound by such findings." *State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007).

"The State has the burden to prove the consent was voluntary, . . . and voluntariness is a 'question of fact to be determined from the totality of all the circumstances.'" *State v. Lane*, 726 N.W.2d 371, 378 (Iowa 2007) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973)). Whether the consent was voluntary requires the consideration of many factors,[1] though no one factor is determinative. *Lane*, 726 N.W.2d at 378.

---

[1] These factors include:
> *personal characteristics* of the [consenter], such as age, education, intelligence, sobriety, and experience with the law; and features of the

The district court referenced these factors in its well-reasoned decision and found Prusha's consent was voluntary and not revoked, or limited by his words or actions. We agree and affirm the district court's denial of Prusha's motion to suppress. Additionally, we decline Prusha's invitation to craft a "per se" requirement for police to inform an individual of their right to decline to consent to a search in the context of a community caretaking stop.

**AFFIRMED.**

---

context in which the consent was given, such as the length of detention or questioning, the substance of any discussion between the [consenter] and police preceding the consent, whether the [consenter] was free to leave or was subject to restraint, and whether the [consenter's] contemporaneous reaction to the search was consistent with consent.

*Lane*, 726 N.W.2d at 378 (citing *United States v. Va Lerie*, 424 F.3d 694, 709 (8th Cir. 2005).